UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>SANDY TRY,<br><br>  Defendant. | Case No. 24-cv-06424-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff states that the defendant, a private individual who is the property manager of an apartment building, pressed charges against him for vandalism and then told other tenants that he was in jail for domestic violence. Defendant allegedly spread other false rumors and overvalued a door that it would appear plaintiff damaged. Plaintiff seeks money damages and for defendant to stop spreading false stories about him.

These allegations are patently inactionable and fail to state a claim under 42 U.S.C. § 1983. Defendant is not a state actor and plaintiff has not shown the violation of a federal right. Because amendment would not cure the deficiencies in this complaint, leave to amend is denied.

**CONCLUSION**

The complaint is dismissed with prejudice. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: October 7, 2024

JAMES DONATO
United States District Judge